UNITIED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHOSHONE-BANNOCK TRIBES OF THE FORT HALL RESERVATION., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; et al., <br><br> Defendants. | Case No. 4:18-cv-00285-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Shoshone-Bannock Tribes of the Fort Hall Reservation's ("Tribes") Motion to Stay Proceedings. Dkt. 53. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to GRANT the Tribes' Motion to Stay.

## II. BACKGROUND

The Tribes brought this action against the United States and other Defendants relating to lands in Pocatello, Idaho. The United States granted easements on these reservation lands for railroad company use beginning in the late 1800s. The tribes now want to regain control of this land.

MEMORANDUM DECISION AND ORDER - 1

The United States filed a Motion to Dismiss the Tribes' Amended Complaint (Dkt. 41), arguing that the Tribes had already waived and released their claims against the United States through a settlement agreement entered in the District of Columbia as a Joint Stipulation and Order. Dkt. 41-1, at 12. The parties disagree on the scope of the settlement and whether the Tribes have waived their current claims. To resolve the issue, the Tribes have filed a motion seeking clarification on the issue with the D.C. District Court which retains jurisdiction over the interpretation and enforcement of the settlement stipulation and order. The Tribes now seek to stay proceedings in this Court until the D.C. District Court renders a decision on the interpretation thereof.

### III. LEGAL STANDARD

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-707 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). Determining whether to grant a motion to stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. "When considering a motion to stay, the district court should consider three factors: (1) the potential prejudice to the non-moving parties; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved." *In re Micron Tech., Inc. Secs. Litig.*, No. CV-06-085-S-BLW, 2009 WL

MEMORANDUM DECISION AND ORDER - 2

10678270, at *2 (D. Idaho Dec. 7, 2009).

## IV. ANALYSIS

The Court is first concerned with the issue of jurisdiction. The United States argues that this Court has concurrent jurisdiction over the interpretation of the settlement agreement because the D.C. District court only retained exclusive jurisdiction over the enforcement of the agreement, not its interpretation. However, the plain language of the joint stipulation and order says the D.C. District Court would retain jurisdiction "for the limited purpose of interpreting *and* enforcing" the settlement. Dkt. 55-1. The use of the word "and" separating "interpreting" and "enforcing" denotes that the D.C. District Court retains exclusive control over both interpretation *and* enforcement. Therefore, according to the plain language of the Joint Stipulation and Order, the D.C. Court has exclusive jurisdiction over the question of whether the claims were waived.

Further, both an enforcement action and a request for interpretation of the Joint Stipulation and Order require the examination and application of the Joint Stipulation and Order. In other words, as the Tribes point out, "judicial interpretation is enforcement." Dkt. 54, at 3. Thus, the D.C. District Court has exclusive jurisdiction over the interpretation—as well as the enforcement—of the settlement agreement. Furthermore, when a court retains jurisdiction of a settlement agreement in this way, it is exclusive. *See Flanagan v. Arnaiz*, 143 F.3d 540 (9th Cir. 1998) ("The context of the retention jurisdiction, a provision for future enforcement of a settlement order, implies that the retention was meant to be exclusive.").

MEMORANDUM DECISION AND ORDER - 3

Defendants[1] cite *Larson v. Clark County*, No. 2:11-cv-879-JCM (PAL), 2012 WL 1900946 (May 24, 2012) in which summary judgment was granted because of a prior waiver and release of claims. But that case came before the same court in which the settlement had been brought. Thus, it is easily distinguishable from this case where one Court—the D.C. District Court—presided over the settlement agreement, and a second, distinct Court—the undersigned Court—has been asked to interpret that agreement. Next, Defendant cites *Erlichman v. Stater Bros. Markets*, NO. 10-cv-01803-CJC (PJWx) 2012 WL 12887512 (S.D. Cal. Mar. 29, 2012). That case, however, is likewise unpersuasive as the settlement agreement at issue was a union's "voluntary quit" settlement, was written under union procedure, and jurisdiction was not reserved by any court. Finally, Defendant cites *In re Waste Mgmt., Inc. Sec. Litig.*, No. 97 C 7709, 2003 WL 1463585, *2 (N.D. Ill. Mar. 19, 2003), a case that is not binding authority on the Court and is otherwise distinguishable. As the Tribes correctly note, in *In re Waste Mgmt*, "It was the court where the settlement agreement and judgment were entered that rendered a decision on whether the settlement agreement precluded prosecution of a lawsuit in a separate district court case. It was not the [other] district court . . . ." Dkt. 57, at 4. Here, the D.C. District Court has not decided that question. Thus, the Court finds that the D.C. District court has exclusive jurisdiction over the interpretation of the settlement agreement.

The United States further argues that the doctrine of comity ought to persuade the

---

[1] The "United States Defendants"—i.e., the United States and all agency directors—are the only Defendants who oppose the Tribes' Motion to Stay. Defendants City of Pocatello and Union Pacific Railroad Company do not oppose the Motion. *See* Dkts. 56, 58.

MEMORANDUM DECISION AND ORDER - 4

D.C. District Court to defer to this Court's interpretation of the settlement agreement because the issue of waiver of claims under the settlement was brought up by the United States in this Court first (Dkt. 55, at 4 (citing *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-96 (9th Cir. 1982)). The case the United States relies upon is, again, distinguishable as the two courts in that matter had concurrent jurisdiction. Here, the D.C. Court has exclusive jurisdiction and so the doctrine of comity does not apply.

The Court will briefly discuss various arguments raised by the parties for, or against, granting a stay in this case.

A. *Judicial Economy*

If the D.C. District Court renders a decision on the interpretation of the settlement agreement, it will simplify this Court's role in deciding the rest of the case. If the D.C. District Court rules the claims against the United States are waived, the case is resolved. If it rules the claims are not waived, it will narrow the issues that this Court must decide on the pending Motion to Dismiss. Denying the stay might also result in inconsistent rulings on the settlement agreement, requiring more work from all parties—including the Court. Each of these factors weighs in favor of granting a stay.[2]

Still, waiting for a decision for the D.C. District court for an indefinite amount of time does weigh against granting a stay. "In assessing the propriety of a stay . . . a court must balance the length of the delay against the justifications for the stay." *Micron Tech.*,

---

[2] Ultimately, the Court is governed by Rule 1 of the Federal Rules of Civil Procedure and its mandate to "secure the just, speedy, and inexpensive determination of every actions and proceeding." Allowing the D.C. District Court the opportunity to interpret the settlement agreement in this case (irrespective of the outcome) is in furtherance of this charge.

MEMORANDUM DECISION AND ORDER - 5

2009 WL 10678270, at *2 (citing *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000)). Generally, the term of a stay should not be indefinite. *See Yong*, 208 F.3d at 1119 ("If a stay is especially long or its term is indefinite, we require a greater showing to justify it."); *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1067 (9th Cir. 2007). However, the Court finds that the D.C. District Court's exclusive jurisdiction over interpreting and enforcing the settlement agreement, as well as the simplification of issues this court would have to address once the D.C. Court renders a decision, provides sufficient justification for the delay.

### B.  Prejudice to the United States if Stay is Granted

The United States must make "an initial showing that there is a fair possibility that [it] will be injured by a stay." *In re Micron Tech., Inc. Secs. Litig.*, No. CV-06-085-S-BLW, 2009 WL 10678270, AT 2 (D. Idaho Dec. 7, 2009). The United States does not argue this point at length, but simply states that a stay would unnecessarily delay the proceedings. The United States' objection is noted, however, as outlined above, the Court finds any delay is justified because of the D.C. District Court's exclusive jurisdiction over this matter.

### C.  Prejudice to Tribes if Stay is Not Granted

The moving party has the burden to "make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Notably, simply "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). Here, the Tribes argue that a decision in this Court would harm them because

the court might render an improper decision and exceed its jurisdictional bounds. Surely an overstepping of jurisdictional bounds would add clear hardship to the Tribes. And, insofar as the Court has determined that the D.C. District Court retains exclusive jurisdiction over the settlement agreement, the Tribes' concern has merit.

In summary, the Tribes have met their burden in establishing the need for a stay in this action pending a determination by the D.C. District Court as to the scope of the previous settlement agreement. United States Defendants have not demonstrated sufficient hardship, delay, or prejudice to overcome the Tribes' showing.

## V. ORDER

The Court HEREBY ORDERS:

1. The Tribes' Motion to Stay (Dkt. 53) is GRANTED, and the case is stayed until the District of Columbia Court renders a decision on the Tribes' motion for clarification.

2. The Tribes must submit a status report in this case regarding the status of its pending motion for clarification in the District of Columbia on the first business day of each calendar month until the matter is adjudicated in the D.C. District Court.

DATED: May 29, 2019

David C. Nye
Chief U.S. District Court Judge